**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER DELEON-PEREZ, | No. 11-72963 |
| Petitioner, | Agency No. A095-698-107 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Walter DeLeon-Perez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We review for an abuse of discretion the denial of a motion for a continuance. *Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012). We deny the petition for review.

Substantial evidence supports the agency's finding that DeLeon-Perez failed to file his asylum application within a reasonable period of time after any changed or extraordinary circumstance. *See Dhital v. Mukasey*, 532 F.3d 1044, 1049-50 (9th Cir. 2008) (per curiam) (petitioner did not file within a reasonable period after losing his nonimmigrant status); 8 C.F.R. § 1208.4(a)(4), (5). Accordingly, DeLeon-Perez's asylum claim fails.

Substantial evidence supports the agency's finding that DeLeon-Perez did not suffer past persecution in Guatemala when he ran away from military checkpoints to avoid recruitment into the military. *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1151 (9th Cir. 2000) (attempts by the military or guerrillas to forcibly recruit the petitioner did not constitute persecution). Substantial evidence also supports the agency's finding that DeLeon-Perez failed to establish a clear probability of future persecution based on his fear that he will be extorted by gangs or harmed for refusing recruitment into a gang. *See Barrios v. Holder*, 581 F.3d 849, 855-56 (9th Cir. 2009); *Zetino*, 622 F.3d at 1016 ("An alien's desire to be free

from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). DeLeon-Perez also failed to establish a future fear based on harm to his brother. *See Lin v. Ashcroft*, 377 F.3d 1014, 1029 (9th Cir. 2004) (a petitioner may have a well-founded future fear when violence against a family member is "closely tied to the petitioner") (internal quotation omitted). Further, the record does not compel the conclusion that DeLeon-Perez has a clear probability of persecution based on an imputed anti-government political opinion for his failure to serve in the military. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1188 (9th Cir. 2006) (no evidence the petitioner would be singled out for failing to serve in the military). Accordingly, DeLeon-Perez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because DeLeon-Perez failed to establish it is more likely than not he will be tortured by or with the acquiescence of the government of Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, the IJ did not abuse its discretion in denying DeLeon-Perez's motion for a continuance. *See Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008) (discussing factors to consider in evaluating the denial of a motion for a continuance).

**PETITION FOR REVIEW DENIED.**